IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ANDREW HAYFORD,<br><br>    Plaintiff,<br><br>v.<br><br>SHELLEY WHITTAKER,<br><br>    Defendant. | **ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 2:20-cv-00631-RJS-DBP<br><br>Chief Judge Robert J. Shelby<br><br>Chief Magistrate Judge Dustin B. Pead |

After being granted leave to proceed in forma pauperis, Plaintiff Andrew Hayford filed his Complaint on September 10, 2020, against Defendant Shelley Whittaker.[1] In his Complaint, Hayford asked for an injunction to prevent Whittaker from evicting him on September 11, 2020.[2] His claim relied on a "moratorium on evictions" issued by the Center for Disease Control (CDC) in response to the COVID-19 pandemic.[3] The case was then referred to Chief Magistrate Judge Dustin B. Pead "to handle [the] case up to and including . . . all dispositive matters" under 28 U.S.C. § 636(b)(1)(B).[4]

On November 12, 2020, pursuant to his authority under 28 U.S.C. § 1915, Judge Pead issued a Ruling & Order dismissing without prejudice Hayford's Complaint.[5] He reasoned that Hayford had failed to state a claim upon which relief could be granted because: (1) his requested relief was no longer available because the eviction date had passed, and (2) the CDC's

---

[1] *See* Dkt. 2, Dkt. 3 (Complaint).

[2] Dkt. 3 (Complaint) at 4.

[3] *Id.*

[4] Dkt. 7.

[5] Dkt. 8 (Ruling & Order) at 5.

1

moratorium on evictions did not create a private cause of action.[6]  Judge Pead granted Hayford fourteen days to file an Amended Complaint and cautioned him that failure to file an Amended Complaint "may result in a recommendation of dismissal to the District Court."[7]

Hayford never filed an Amended Complaint and, on December 3, 2020, Judge Pead issued a Report & Recommendation (the R&R) recommending dismissal of Hayford's action.[8]

Federal Rule of Civil Procedure 72(b)(2) permits the parties to "serve and file specific written objections to the proposed findings and recommendations" in the R&R.  Those objections, if any, must be filed "[w]ithin 14 days after being served with a copy of the" R&R.[9]  If there are no objections, the Supreme Court has suggested no further review by the district court is required, but further review is not precluded.[10]  This court reviews for clear error any report and recommendation to which no objections have been raised.[11]

Although the R&R notified the parties that they could object to it, neither party has filed an objection.[12]  The court therefore reviews the R&R for clear error.  Having carefully considered the R&R, the court finds no clear error.  Accordingly, the court ADOPTS the R&R in full.  For the reasons set forth in the R&R, Hayford's Complaint[13] is DISMISSED WITHOUT PREJUDICE.  The Clerk of Court is directed to close this case.

---

[6] *Id.* at 4.

[7] *Id.* at 5.

[8] Dkt. 9 (R&R) at 1.

[9] Fed. R. Civ. P. 72(b)(2).

[10] *See Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("The [Federal Magistrate's Act] does not on its face require any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection.").

[11] *See* Fed. R. Civ. P. 72(b) Advisory Committee's note to 1983 amendment ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

[12] *See* Dkt. 9 (R&R) at 1.

[13] Dkt. 3 (Complaint).

SO ORDERED this 6th day of January 2021.

                                       BY THE COURT:

                                       _____
                                       ROBERT J. SHELBY
                                       United States Chief District Judge